This is Castaneda v. Campion-Suffolk. Thank you. So, Mr. Dewey, you've got five minutes. Oh. I believe it's my adversary's motion, not yours. Oh, okay. All right. That's fine. So, Ms. Tuma. Good morning. Michelle Tuma for the Plaintiff Appellee Class. This Court should dismiss this appeal for lack of jurisdiction. The defendant appellants, the county, are attempting to appeal a non-final interlocutory order under an unprecedented theory of sovereign immunity, a claim which they have never raised at any time in the eight years prior to the order being appealed from, and therefore was never It was not normally an appeal of, you know, a denial of an immunity would be a collateral order subject to interlocutory appeal, right? Yes, that's correct, Your Honor. However That's all right. So you say in your brief that the defendants only raised the immunity argument in their reply brief on summary judgment. You say it wasn't really about sovereign immunity. It was more about qualified immunity. But let's say it was about sovereign immunity, and the district court addressed it explicitly. You wouldn't deny that they'd be able to appeal, right? And that instance, no, because the Okay. So whether it was qualified immunity or sovereign immunity seems sort of arguable. They say that they were talking about sovereign immunity and not qualified immunity, but either way, it's an immunity. And wouldn't you agree that, you know, the district court, when it said there's no way you can, you were acting pursuant to federal authority, the district court effectively said, like, there's no way you could possibly have an immunity because it said there's no way you could take advantage of any kind of federal authority, right? That's correct, but So doesn't that mean, you know, they raised the issue, the district court issued an order that makes clear that they're not going to prevail on that issue. So why is that a collateral order denying an immunity? So they raised the issue. Thank you, Your Honor. So they raised the issue under this very narrow statutory immunity argument. So as you were saying, a qualified immunity argument. They also tried to raise an argument that they are entitled to sovereign immunity, but they provide no case law in which a municipal So I kind of get your point, but that's, you know, the merits of the appeal, whether they have the immunity or not, right? So on this motion, we're deciding whether this is a collateral order, right? So we're just considering three things. Was the immunity claim conclusively rejected by the district court? Is it separate from the merits and would it be effectively reviewable at the end? Right. So it seems to me, you know, immunity's doctrines are different from the merits. Like, that's pretty well established. And since an immunity is immunity from suit, it's usually, we say, it's effectively reviewable. It's lost if you wait until the end. So the question really is, did the district court resolve the question? And since the district court wrote this really long opinion saying it's not believable, that you were acting pursuant to federal authority, like there's just no way to come up with that. Like, it seems to me, after that order, there's, it's pretty clear the district court is saying you can't possibly have, take advantage of federal sovereign immunity. So in this case, I'd like to turn your attention to the second requirement of the collateral order doctrine, because I agree that this appeal does turn on that doctrine alone and those three requirements, and the fact that this order does not meet any of those requirements. And as for the second requirement, the county does purport that the sovereign immunity defense is not an issue separate from the merits here, because the only way that they argue that they have immunity is under the statute, 8 U.S.C. 1357. However, and the entire crux of the merits of this litigation below is whether or not that... Yeah, there's overlap. But, you know, every time we have a question of immunity, like if we have, you know, a question of qualified immunity, you know, there's obviously going to be a lot of overlap between the question of whether something was unlawful and whether something was clearly unlawful, which is the difference. So, like, the fact that there's overlap doesn't mean that it's not separable from the merits, right, as long as it's, like, a distinct question. So the question about whether they're actually acting under color of federal law as versus they can take advantage of the immunity because they were acting in cooperation with federal officials, why doesn't that seem like those are two different questions? Well, it does seem like two different questions, Your Honor, because under the statute that they're trying to gain immunity, none of the defendants in this action would be entitled to that immunity because qualified immunity is only available when an officer is sued in their personal capacity. And here are only... I get all the arguments about why they might not have sovereign immunity. Like, I'm not sure they're going to prevail on that question. But as we said, the only question here is whether they can pursue that appeal and get an answer from a merits panel, right? But is there not a concern here that the collateral order doctrine should be narrowly applied here? And where a party has not argued immunity in any way except for these whispers of immunity in their briefs? Or, again, as you mentioned, raised only in the reply of their motion for summary judgment. Only once. And only in, like... Wouldn't that be a reason why they don't have sovereign immunity, why they lose in the appeal? So if, in fact, they raise it too late and they effectively waived it, and you can waive sovereign immunity, obviously, by engaging in litigation, the merits panel might conclude you don't have sovereign immunity because you waived it. But that's a different question as to whether they can pursue the appeal in the first place, whether this is a collateral order, right? Right. That's correct, Your Honor. I suppose the concern is whether or not this opens the door to many parties offering this late-breaking argument that they're entitled to immunity and this Court having to deal with these non-right issues, that a lower court has not decided any kind of immunity decision, and then them coming before this Court and saying, well, we've argued immunity in some fashion, in some strange way, even though it's not really mentioned, it's not decided by the district court, and then having this Court having to deal with it in this fashion. But is it not decided by the district court? The district court does go on at length about how there isn't an agreement with the federal officials, New York state law wouldn't allow the cooperation, so there's no way you could cloak yourself in federal authority. It's true the district court is expressly talking about merits issues, but it does seem to also preclude the immunity argument that they're making, doesn't it? It does, but I think that there's a distinction there, right? And I think that the fact that the district court doesn't get into the fact that, again, the statute and the manner in which the statute has been interpreted is that it only confers immunity to officers in their personal capacity, and we have not named any officers in their personal capacity. Therefore, it should not confer immunity to the municipality, to the entity defendant, or any of the officers. Well, qualified immunity applies only in the individual capacity, but they're claiming that they have federal sovereignty. I mean, I don't know if that's right. I'm not sure that they're going to prevail, but that's not the question before us on this motion. Understood. There's a kind of tension, isn't there, on both sides of the aisle, between the positions on the first prong of the Cohen Doctrine and on the second, because it seems to me, on the first prong, the best argument they've got, and I think this is similar to the questions Judge Minashi was raising, is that they raised and the district court considered the premise for federal sovereign immunity. Before you get to the question of what are the contours of sovereign immunity, there's a question of do they have anything to do with the feds at all. So on that front, I can at least see an argument for them. But then on the second point, suddenly it turns around, and now when you're asking is this totally integrated with the merits or is it separate, now you want it to be. It's all one ball of wax, and they want it to be two separate things. And I'm not sure how to get my head around that. So I think this goes, and it's in our briefing, how we distinguish the fact that they're not entitled to immunity under any of the theories that they raise. They're not entitled to the statutory immunity because, again, none of the defendants named here are entitled under this. Again, but that's what matters. Right. Again. But I think that you can dispose of this case by just looking at the requirements under the Collateral Order Doctrine because I don't think that if you look at the opinion that the court below has actually looked at the immunity, the merits of the immunity arguments that they're making here before this Court in the match. Let me just ask this question. I mean, if we said it hasn't been conclusively determined by the district court and then proceedings continue to the district court, if the defendants then went to the district court and said, we'd like you to resolve the issue of federal sovereign immunity, is there any question as to how that that the district court is going to, what the district court is going to say? So we don't think so because we believe that they've waived that issue because they've been litigating for eight years and haven't raised it in any of their briefing besides the reply. Okay, but that also would be a denial, right? Right. There's just no question the district court, even with what the district court has said so far, there's no question the district court will say you do not have federal sovereign immunity. Doesn't that mean it's been conclusively determined? I have a hard time seeing that in the opinion, and I'll leave it to whether you see it in the opinion, Your Honor. But doesn't that also mean that there's something sort of futile, right? If we dismiss this appeal and it goes back to the district court, then either the district court says when they finally get around to saying, unless you're going to take the position that they've irrevocably waived sovereign immunity and can never raise it again in any court, if they say, all right, well, we didn't really put this in the right way. Now we're going to put it in the right way. We're going to explicitly raise the sovereign immunity defense. Then either the district court grants it, and then at least no time is wasted of ours, or it denies it, in which case we're going to be right back here then, right? Because then it will be a collateral order if the judge actually entertains and rules on and rejects the sovereign immunity defense. So suppose that's correct, but then— Well, unless the district court, when it goes back down, says you're late. Right. That would not be—you don't get an interlocutory appeal because of the district court's conclusion that you made an untimely motion, do you? No. No. Sorry, Your Honor. Sorry, could you repeat that, Your Honor? No. All right. I think— Well, I mean— It was a formulated question that I don't know the answer to. Yes, sorry. Yes. But, I mean, the question about whether the district court has denied the immunity defense, does that turn on whether the district court denies it because it thinks it loses just on the merits, or it denies it because it thinks it's been waived? Like, if the district court denies the issue, like, isn't that an inclusive determination regardless of the grounds? It would be, yes. But our contention is that that— But again, like the paradigmatic case, in a qualified immunity case, if a district court thinks that, you know, defendant officers have waived the defense of qualified immunity, and the officers thought that they had not, we could entertain an interlocutory appeal about that and consider whether qualified immunity has been waived, right? Correct. So the fact that it's—the ground for denying it might be waiver doesn't alter the conclusion that that is a denial of the issue, right? Correct. Well, I'm not sure that's correct, but we'll hear, I guess, now from Mr. Dewey. Thank you. Thank you, Your Honor. Tom Dewey for the appellants. Just as you said, Judge Menaci, the only issue before the Court today is the narrow issue of whether the order is appealable. It clearly is. First, as the panel has recognized, collateral— I don't think the panel has recognized anything. We've asked questions. Very well, Judge Lynch. Cases from this Court and the Supreme Court have repeatedly held that denial of immunity is a paradigmatic instance where appeal under the collateral order doctrine is problematic. So that's true. And, you know, it was in counsel's reading of that principle. Yep. But isn't it odd to say that the immunity issue was conclusively resolved in an opinion that doesn't address it directly? The fact that it doesn't directly address it, Judge Menaci, doesn't mean that it wasn't denied, and it clearly was denied. The county defendants squarely raised immunity, as you noted in the reply brief. The fact that the district court chose not to squarely address it doesn't mean it is denied. Well, you didn't really develop it very clearly. I mean, you sort of dropped in the word immunity several times and then sort of are asking us now to infer the broadest construction of that term. I mean, usually this is not that hard. You articulate your immunity arguments, and then the district court knows what you're arguing and then can rule. And then we decided on the introductory appeal if it's one of the exceptions. If I may, Judge Sullivan, from our reply brief, since defendants below, since defendants acted under color of authority of 1357G when they detained plaintiffs, their actions were taken under color of Federal law, thereby immunizing defendants from liability. We believe the issue was squarely raised and necessarily rejected by the district court. So raised in your reply brief. Yes, Your Honor. And I don't think that would be a waiver under any fair reading of the law of waiver. Well, again, we just had this discussion about whether it matters if the ground was a rejection on the merits or a rejection based on waiver. So let's say the district court was explicit in saying, I think you waived the defense of sovereign immunity, either because you've engaged in litigation up until now, and so that's a waiver, or because you didn't raise it until your reply brief. Would you still be able to appeal? Can you appeal if the ground of denial is waiver? Yes, we would, Your Honor. I think so. I mean, there's a separate question about whether you can even waive sovereign immunity here. But I believe we have a perfectly proper collateral order of appeal. On the intertwining question, there's no question that immunity is a separate issue from liability here. The fact of the matter is that we are scheduled to go to trial. Well, the ground on which immunity was rejected, assuming it was rejected, amounts to a ruling on the merits of whether you are acting under Federal authority at all. No? Yes, but I don't think that it is so unusual for this Court to make what I'll call predicate determinations on immunity. If you have prosecutorial immunity, there have to be certain standards that need to be satisfied. Here, what we said was under 1357G, we were cooperating with ICE in the detention and removal of persons who are not lawful here, sufficient at least to be acting under color of law. And that's the Arias case. That's the Castillo case. It's also the Silva case from the Eighth Circuit. Does the argument really depend on 1357G? Like, if that statute didn't exist, couldn't you still say we were acting in cooperation and at the direction of the Federal Government? And so we have a – we're sort of cloaked with their immunity? I think we would argue that as well, Judge Menache. So we do think there are very substantial questions here. We think they should be resolved before we defend a class action trial where the county is being asked to pay tens of millions of dollars of damages. They're important questions, and we think they're properly considered now under the collateral law. And do you agree, I think, that sovereign immunity is the only immunity that is still in play in this appeal? We have – we have briefed it as sovereign immunity. That's right. Because qualified immunity would not apply to the municipality. Well, there's not a – there's not an individual capacity claim. Right. Right. So I think we're saying the same thing two different ways, Judge Menache.  In other words, to the extent that any individuals are named, and I don't remember whether they are, they're sued in their official capacity. Exactly so, Judge Menache. So essentially it is a suit against the county. Exactly right, Your Honor. So unless the court has any further questions, I thank you for your attention. Thank you. We will reserve decision.